**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VICTORIO VILLA SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 302-063 |
| | ) | |
| JIM WETHERINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who filed the captioned case pursuant to 42 U.S.C. § 1983 while incarcerated at Telfair State Prison in Helena, Georgia, is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court on Defendants' motion to dismiss this case for failure to prosecute or, in the alternative, for summary judgment. (Doc. no. 64, p. 1). Plaintiff has filed no response, despite a notice from the Clerk informing Plaintiff of the consequences of a motion for summary judgment. (Doc. no. 65). Under Loc. R. 7.5, failure to respond to a motion generally indicates that the motion is unopposed; however, the Court is reluctant to rule on a motion for summary judgment without first hearing from Plaintiff. Unfortunately, it is apparent that Plaintiff has failed to inform the Court of a change of address, making it impossible for the Court to communicate with him.

The docket indicates that the Clerk's mailed notice regarding Defendant's pending motion--sent to Plaintiff's last known address--was returned and marked "Discharged Telfair S.P." In addition, the Court's March 15, 2005 Order granting Defendants' request for leave

to file an "out of time" motion for summary judgment was similarly returned. (Doc. no. 63). Moreover, Defendants also complain that Plaintiff has failed to conduct any discovery in this case, and note that mail from Defendants' counsel to Plaintiff has been returned. (Doc. no. 64, p. 16). Simply put, neither the Court nor Defendants have been able to communicate with Plaintiff.

Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case. The Court has specifically warned Plaintiff, "While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 22, p. 5). The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Clearly Plaintiff's failure to provide the Court with a valid address amounts to a failure to prosecute because the Court cannot contact Plaintiff, and it is precisely the type of

neglect contemplated by the Local Rule. While the Court is hesitant to grant summary judgment without first hearing from Plaintiff, it has no such reservations with simply dismissing this case given Plaintiff's failure to prosecute.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion (doc. no. 64) be **GRANTED IN PART** and **DENIED IN PART**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

John Philip Cannon, Esq.
Victorio V. Sanchez, Pro-se

CASE NO: CV302-063
DATE SERVED: May 26, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate